Dan F. SHOTWELL and Cliff Hagan Ribeye of Clarksville, Inc. d/b/a Cliff Hagan Ribeye, Appellants, (Plaintiffs Below),

v.

CLIFF HAGAN RIBEYE FRANCHISE, INC., and Cliff Hagan Ribeye, Inc., Appellees. (Defendants Below).

No. 10S04–9105–CV–416.

Supreme Court of Indiana.

May 29, 1991.

Anne Marie Sedwick, Sedwick & Sedwick, Jeffersonville, for appellants.

David W. Crumbo, Brown, Todd & Heyburn, New Albany, for appellees.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

Cliff Hagan's Ribeye Franchise, Inc., and Cliff Hagan Ribeye, Inc., ("Hagan defendants") seek transfer after the Court of Appeals reversed the trial court and ordered reinstatement of a default judgment which the trial court had set aside. *Shotwell v. Cliff Hagan's Ribeye Franchise* (1990), Ind.App., 553 N.E.2d 204. Because we conclude that service of process on the Hagan defendants did not comply with IND. CODE § 23–3–3–1 (1982), we now grant transfer, vacate the opinion of the Court of Appeals, and affirm the trial court's setting aside of the default judgment. The following issues are raised:

1. Whether the trial court erred in granting the Hagan defendants' Motion for Relief from Judgement under IND. TRIAL RULE 60(B);

2. Whether the Hagan defendants were "doing business" in Indiana for purposes of the long arm statute; and

3. Whether the Hagan defendants were required to present a meritorious defense in order to have the default set aside.

The facts necessary for resolution of these issues follow. In 1986, plaintiffs Dan F. Shotwell and Cliff Hagan Ribeye of Clarksville, Inc. d/b/a Cliff Hagan Ribeye (collectively, Shotwell) filed suit against the Hagan defendants, both of which were located in Kentucky, for a declaratory judgment to void a franchise agreement, for damages, attorney fees, and costs. The Hagan defendants were foreign corporations neither licensed nor admitted to do business in Indiana. Service of process was attempted pursuant to IND.CODE § 23–3–3–1, which provides a method for achieving service on corporations not licensed or admitted to do business in Indiana. In pertinent part the statute provides:

Provided, that notice of such service and a copy of the process, writ, notice or order are forthwith sent by registered mail, with return receipt requested, addressed to such foreign corporation at the principal office of such foreign corporation designated in the articles of incorporation of such foreign corporation as the same may appear in the proper office of the state under whose laws such corporation is incorporated where articles of incorporation are required originally to be filed under the laws of such state. *Upon the return of such return receipt showing delivery and acceptance of such registered mail, or upon the return of such registered mail showing a refusal of the acceptance thereof by such foreign corporation,* the secretary of state shall attach either the return receipt or such refused mail to the copy of the process, writ, notice, or order retained by him and mail the same to the clerk of the court. . . .

Ind.Code § 23–3–3–1 [1] (Emphasis added) Accordingly, the summons and complaint were served on the Indiana secretary of state and were in turn forwarded via registered mail to the Hagan defendants' respective agents for service of process as identified in the Hagan defendants' annual reports filed with the Kentucky Secretary of State. These papers were returned to the Indiana Secretary of State marked "Return to Sender Forward Order Expired" and "Moved Not Forwardable" by the U.S. Post Office. The Indiana Secretary of State filed affidavits of service reflecting each notation as required by IND.CODE § 23–3–3–1.

Both Hagan defendants were listed in the Lexington telephone directory in 1986, and for some period of time before suit was filed, Shotwell had been sending checks to one or the other defendant. Furthermore, the envelope containing the summons directed to Cliff Hagan Ribeye Franchise, Inc., contained a street number that differed from the one shown in the records of

1. This section was repealed; service on foreign corporations is now addressed in Ind.Code

§ 23–1–49–10, effective August 1, 1987.

the Kentucky Secretary of State's office. We also note that in 1981, Cliff Hagan Ribeye, Inc., attempted to change its corporate address on forms sent to the Kentucky Secretary of State's office but that a period of two years elapsed before the change appeared on the annual report form, and that the franchise attempted a similar change beginning in 1985 which was not reflected on the form until 1988. In addition, the annual report forms for 1985 through 1988 did not provide a space for indicating a change in the address of the registered agent.

Neither Hagan defendant filed an answer to the complaint; indeed, the parties agree that neither Hagan defendant ever received process and neither had actual knowledge of the existence of the lawsuit. A default judgment for $194,000 in damages and $787.50 in attorney fees, interest and costs was entered six weeks after the complaint was filed.

No attempt was made to execute on the judgment for twenty-two months. When the Hagan defendants were served in the action to collect the judgment, they promptly filed a motion for relief from judgment pursuant to T.R. 60. The trial court granted the motion and set aside the judgment pursuant to T.R. 60(B)(8).

## I. Granting of Motion for Relief from Judgment

■ At the outset, we note that the decision of whether to grant relief under T.R. 60(B) is left to the equitable discretion of the trial court. We will not reweigh the evidence, and will reverse only for an abuse of such discretion. *Hoag v. Jeffers* (1928) 201 Ind. 249, 159 N.E. 753.

■ The statute pursuant to which service was attempted provides that a foreign corporation not authorized or licensed to do business in Indiana is deemed to have appointed the secretary of state as its agent for service of process and sets forth the method by which service is to be accomplished. One of the steps in the process required by the express terms of the statute is that the return receipt show "delivery and acceptance" or "refusal of acceptance" of the suit papers by the defendant.

Here, the return receipts reveal that there was neither acceptance nor rejection of the suit papers. Therefore, by the express terms of the statute, service was not accomplished.

■ The rule is well-established that to exercise jurisdiction over a non-resident defendant, due process considerations require that a defendant must be given adequate notice of pending litigation. *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. We do not answer the question of whether IND.CODE § 23-3-3-1 would comply with the notice requirement if the statute were interpreted to mean, as was suggested by Shotwell and by the Court of Appeals, that neither acceptance nor rejection of the registered mail was required. Clearly, the statute as worded meets constitutional requirements.

Shotwell would have us decide that the Hagan defendants have effectively rejected service by failing to keep their records updated with the secretary of state's office in Kentucky where the Hagan defendants were domiciled. We do not agree. Whatever are the laws in Kentucky pertaining to a corporation's obligation to supply the Kentucky secretary of state's office with current addresses, they are laws for those in the State of Kentucky to enforce, not the plaintiffs here. We also note that Shotwell does not argue, nor do the facts indicate, that the Hagan defendants in any way attempted to avoid receiving service of process by actively hiding their whereabouts. Moreover, Shotwell's argument ignores the fact that the requirements of the Indiana statute relied on for service were not met.

■ We conclude that the trial court was correct in setting aside the judgment. Where there is no service of process, there can be no personal jurisdiction, and the default judgment issued by the court was void. In the proceeding to enforce the default judgment, the Hagan defendants filed appropriate objections to personal jurisdiction thus preserving this error. Therefore, the default judgment would be properly set aside pursuant to T.R. 60(B)(6).

490

Motions brought under T.R. 60(B)(6) must be brought within a reasonable time, which we conclude was done in this case.

The trial court concluded that the Hagan defendants were entitled to relief from judgment pursuant to T.R. 60(B)(8). Paragraph (8) is a catch-all portion of the rule permitting relief for any reason justifying relief from the operation of judgment other than the reasons set forth in paragraphs (1), (2), (3) and (4), and is available if the motion is filed within a reasonable time. Apparently believing that the Hagan defendants were entitled to relief pursuant to subsection (1) (mistake, surprise or excusable neglect), but mindful that T.R. 60(B) places a one year limitation on relief under that subsection, the trial court concluded that it was within its discretion to award relief under paragraph (8). Having concluded that the default judgment was void for lack of personal jurisdiction, we need not decide whether the trial court has such discretion.

## II. *Doing Business in Indiana*

Similarly, because we conclude that there was no service of process, we need not decide whether the Hagan defendants were subject to the jurisdiction of Indiana courts by the "doing of any business in this state".

## III. *Meritorious Defense*

■ Shotwell also contends that the Hagan defendants were required and failed to present a meritorious defense at the hearing on their motion to set aside the default judgment. However, where a default judgment is set aside because it was entered without notice or proper service, a meritorious defense need not be shown at the hearing. *Peralta v. Heights Medical Center, Inc.* (1988), 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75.

## IV. *Conclusion*

Accordingly, for the reasons stated above, the decision of the Court of Appeals is vacated, and the trial court's order setting aside the default judgment is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents without opinion.