**Thomas S. BURKE, and Allied American Insurance, Appellants–Defendants,**

v.

**Vincent DeLAROSA and Lori A. DeLarosa, Appellees–Plaintiffs.**

**No. 45A04–9509–CV–343.**

Court of Appeals of Indiana.

Feb. 15, 1996.

Transfer Denied June 18, 1996.

---

John R. Pera, Greco Pera Bishop & Vernia, Merrillville, for appellants.

Mary Kay Thanos, Crown Point, for appellees.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant–Defendant, Thomas Burke ("Burke"), appeals the trial court's denial of his Motion for Relief from Judgment. We affirm.

### Issue

Burke presents three issues for review, which we consolidate and restate as: whether the requirement of a showing of a meritorious defense in order to be granted relief from judgment is constitutionally permissible.

### Facts and Procedural History

The following facts are not in dispute: On November 27, 1992, Burke was involved in an accident with the Appellees–Plaintiffs, Vincent and Lori DeLarosa ("DeLarosas"). Burke was insured by Allied American Insurance ("Allied"). Burke's policy provided that he was to give notice to Allied of any potential claims against him. The policy also provided that Allied had a duty to defend Burke against any potential claims.

Burke notified Allied of his accident with the DeLarosas on November 30, 1992. Allied conducted negotiations with the DeLarosas in an effort to reach a settlement with them. The negotiations were conducted through June of 1993; however, no settlement was reached.

On July 14, 1993, the DeLarosas filed a complaint against Burke alleging that his negligent driving caused their injuries. Burke received service of the complaint and summons on July 24, 1993. Burke notified Allied by telephone that he was being sued by the DeLarosas, and also mailed Allied a copy of the complaint.

On several occasions over the next few months, Burke spoke with Allied about the

status of the lawsuit and they assured him that they were handling the DeLarosas' claim. Burke relied on Allied's assurances and took no further action. On December 2, 1993, he received order of default judgment against him. He immediately sent the order to Allied.

On June 24, 1994, Burke filed a motion to set aside the default judgment. A hearing was had on the motion. The trial court denied Burke's motion to set aside.

### Discussion and Decision

The trial court found that Burke met the Trial Rule 60(B)(1) requirements of mistake, surprise, or excusable neglect. The trial court denied Burke's motion, however, because he failed to present evidence of a meritorious defense.

 To prevail on a Trial Rule 60(B) motion, the petitioner is not only required to show mistake, surprise, or excusable neglect, but also to show that he has a good and meritorious defense to the cause of action. *Kreczmer v. Allied Construction Co.,* 152 Ind.App. 665, 284 N.E.2d 869 (1972). This is so because "[i]f the result reached by the judgment would have been the same, the time and judicial resources of the trial court would be wasted in performing a useless ritual." *Bross v. Mobile Home Estates, Inc.,* 466 N.E.2d 467, 469 (Ind.Ct.App.1984). Burke, however, argues that the requirement of showing a meritorious defense is unconstitutional because it fails to provide him with due process of law. Burke cites *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), for this proposition.

In *Peralta,* Heights Medical Center sued the appellant to recover on a guarantee of medical bills. The return of the service of process showed that service was effected more than 90 days after its issuance, and was therefore void under Texas law. Appellant did not appear or answer, and a default judgment was entered. Appellant filed a bill of review in the Texas courts, which was denied because of appellant's failure to prove a meritorious defense. In finding that the meritorious defense requirement violated the

tenets of due process when the person had not been served and given notice, the Supreme Court stated:

> In opposition to summary judgment, appellant denied that he had been personally served and that he had notice of the judgment. The case proceeded through the Texas courts on that basis, and it is not denied by appellee that under our cases, a judgment entered without notice or service is constitutionally infirm. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). . . .
>
> . . . Here, we assume that the judgment against him and the ensuing consequences occurred without notice to appellant, notice at a meaningful time and in a meaningful manner that would have given him an opportunity to be heard. *Armstrong v. Manzo, supra,* 380 U.S. [545], at 552, 85 S.Ct. [1187], at 1191 [14 L.Ed.2d 62 (1965)].

*Peralta,* 485 U.S. at 84–86, 108 S.Ct. at 899 (footnote omitted).

We disagree with Burke's contention that the holding of *Peralta* was to abrogate the meritorious defense requirement under all circumstances. The issue addressed in that case was whether a showing of a meritorious defense may be required where the petitioner had never been served and received notice. The issue of whether a showing of a meritorious defense may be required of a party who has been served with notice or has appeared and answered was not presented to the court. In addition, no Indiana case has cited *Peralta* for any other proposition than that a showing of a meritorious defense is not required where the default judgment has been entered after a lack of service. *See Shotwell v. Cliff Hagan Ribeye Franchise, Inc.,* 572 N.E.2d 487 (Ind.1991); *Tardy v. Chumrley,* 658 N.E.2d 959 (Ind.Ct.App.1995); *Morrison v. Professional Billing Services,*

*Inc.,* 559 N.E.2d 366 (Ind.Ct.App.1990); *Lake County Trust Co. v. Gainer Bank, N.A.,* 555 N.E.2d 1356 (Ind.Ct.App.1990), *reh. denied, trans. denied.*

Also, we do not see that the meritorious defense requirement is unconstitutional in cases where the defendant has received notice of the action. A judgment entered where there has been no service of process is void for want of personal jurisdiction over the defendant. *Shotwell v. Cliff Hagan Ribeye Franchise,* 572 N.E.2d 487 (Ind.1991). Due process requires that a defendant must have notice of an action and an opportunity to respond. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). However, that situation is substantially different from the present case where Burke was served and received notice of the action. A default judgment entered after a defendant has appeared in the action is not void, but is a final judgment from which relief may be granted, in the equitable discretion of the trial court, upon a showing of the reasons set forth in Trial Rule 60(B). The additional requirement that a meritorious defense must also be shown does not impinge upon a defendant's due process right to have notice of an action and the opportunity to be heard. The meritorious defense requirement does not violate any constitutional requirement.

As to the merits of Burke's case, the decision whether to grant or deny a motion for relief from judgment is subject to review only for an abuse of discretion. *Gipson v. Gipson,* 644 N.E.2d 876 (Ind.1994). At the hearing below on the motion for relief from judgment, Burke's counsel conceded that he had no evidence of a meritorious defense. The burden is on the movant to demonstrate that relief is both necessary and just. *Id.* Burke did not meet his burden and the trial court's ruling was in all things proper.

Affirmed.

RILEY and DARDEN, JJ., concur.