Rocky STIDHAM, Appellant–Respondent,

v.

Kathy (Stephens) WHELCHEL,
Appellee–Petitioner.

No. 27A02–9704–JV–211.

Court of Appeals of Indiana.

Aug. 25, 1997.

Rehearing Denied Nov. 12, 1997.

**550**

Joe Keith Lewis, Marion, for Appellant–Respondent.

James T. Beaman, Marion, for Appellee–Petitioner.

## OPINION

ROBERTSON, Judge.

Rocky Stidham appeals the denial of his motion for relief from default judgment. He presents the following issues:

I   Was Rocky Stidham's motion for relief from default judgment filed within a reasonable time?

II  Was Rocky Stidham's exhibit admissible in an Ind.Trial Rule 60(B) proceeding?

III Was Rocky Stidham subject to a suit for paternity in Indiana?

IV  Should the trial court have allowed a judgment for back support for more than 10 years of payments?

We affirm.

The evidence reveals that Kathy (Stephens) Whelchel filed a petition to establish paternity of her daughter in the Grant Circuit Court on September 8, 1978. The petition named Stidham as the father. Stidham resided in Kentucky, and papers were served upon him there in care of his father. Neither Stidham nor counsel appeared in the paternity proceedings. Whelchel obtained a default judgment against Stidham on September 19, 1978. The trial court ordered Stidham to pay support to the child in the amount of $20.00 per month.

The Clerk of the Grant Circuit Court notified the Boyd Circuit Court in Kentucky about the default judgment and support order. The Clerk requested the aid of the Boyd Circuit Court in the collection of child support under the Uniform Reciprocal Enforcement of Support Act.

The Boyd Circuit Court held a hearing to determine whether Stidham owed a duty to support the child. The court had issued notice to Whelchel, but neither she nor counsel appeared at the hearing. On November 5, 1979, the court determined that the judgment and order of the Grant Circuit Court need not be given full faith and credit because the Indiana court had obtained no personal jurisdiction over Stidham.

Approximately sixteen years later, on December 27, 1995, Stidham filed in the Grant Circuit Court a motion to set aside the default judgment and to dismiss the Indiana case. Stidham claimed that he had never been an Indiana resident, had performed no act within the borders of Indiana, and had not been amenable to service of process under the Indiana Rules of Trial Procedure. He maintained that Indiana could not claim minimum contacts within the State by which the court could justify an assertion of jurisdiction over his person. He claimed the default judgment was void and subject to attack, direct or collateral, at any time.

In support of his motion, Stidham submitted an exhibit which contained the judgment of the Kentucky court and a transcript of his testimony there. Whelchel objected to the exhibit because it contained hearsay and was irrelevant. She also claimed that the certification of the court records was not specific enough to identify what was, and what was not, court records.

The trial court noted that Ind.Trial Rule 60(B) requires that a motion for relief from default judgment, because it is void, shall be filed within a reasonable time. The court then determined that approximately seventeen years passed between the time of the court's default judgment and Stidham's motion for relief, which is not within a reasonable time. The court ultimately denied the request for relief.

### I

Stidham claims the trial court erroneously determined that he did not file his

motion for relief from default judgment within a reasonable time. We conclude that the trial court committed no error.

Stidham sought relief from the judgment or order of the trial court under T.R. 60(B), which provides, in pertinent part:

(B) **Mistake—Excusable neglect— Newly discovered evidence—Fraud, etc.** On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

$*$     $*$     $*$     $*$     $*$     $*$

(6) the judgment is void;

$*$     $*$     $*$     $*$     $*$     $*$

... or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4)....

■ The decision whether to set aside a default judgment is given substantial deference on appeal. *Bonaventura v. Leach,* 670 N.E.2d 123, 125 (Ind.Ct.App.1996). Appellate review of the refusal to set aside a default judgment is limited to determining whether there has been an abuse of discretion. *Id.* Upon a motion for relief from the default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B). A denial of the motion is presumptively valid and the movant must demonstrate that the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

■ Stidham claims that he qualified for relief under T.R. 60(B)(6). He claims that the judgment of the trial court was void because the court had no personal jurisdiction over him. He identifies the following authority as support for his position:

Judgments rendered without personal or subject matter jurisdiction are void and may be directly or collaterally attacked at any time. *Calumet Teaming & Trucking Co. v. Young* 218 Ind. 468, 33 N.E.2d 109, 110, *rehearing denied* 218 Ind. 468, 33 N.E.2d 583. Federal Rule of Civil Procedure 60(b) is nearly identical to ours,[2] and Indiana courts have looked to federal cases decided under the rule for guidance in the construction of our own rule. *Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260; 301 N.E.2d 745, 747. The federal courts have generally held that since void judgments are "a legal nullity" and may be challenged at any time, the "reasonable time" limitation in F.R.C.P. 60(b) means no time limit for challenges under F.R.C.P. 60(b)(4), in absence of exceptional circumstances. *Pacurar v. Hernly* (7th Cir.1979), 611 F.2d 179, 181, 7 Moore's Federal Practice p. 60.25[4], at 60–241–242 (2d Executive Director, 1990). We hold that in the absence of extraordinary circumstances not present here, [the defendant] could properly have raised the absence of jurisdiction at any time by either a T.R. 60(B)(6) motion or a collateral attack.

*Person v. Person,* 563 N.E.2d 161, 163 (Ind. Ct.App.1990) (text of footnote omitted).

■ We agree with Stidham's proposition with one refinement. When service of process is inadequate, the court does not have personal jurisdiction over the party. *Bonaventura,* 670 N.E.2d at 126. A judg-

ment entered where there has been no service of process is void for want of personal jurisdiction over the defendant. *Burke v. DeLarosa,* 661 N.E.2d 43, 46 (Ind.Ct.App. 1996). Under such circumstances, a default judgment, issued without personal jurisdiction, is void. *See Bonaventura,* 670 N.E.2d at 126.

Yet, where there has been constitutionally adequate service of process, we do not agree that a judgment is void for want of personal jurisdiction. Jurisdiction is presumed in Indiana and need not be alleged in the complaint. *Harold Howard Farms v. Hoffman,* 585 N.E.2d 18, (Ind.Ct.App.1992). The plaintiff's burden to come forward with evidence which would establish jurisdiction does not arise until a challenge by the defendant. *Id.* In order to preserve the question of personal jurisdiction, the issue must be timely raised either by motion pursuant to T.R. 12(B)(2) or in the answer. *State v. Omega Painting, Inc.,* 463 N.E.2d 287, 290 (Ind.Ct.App.1984). A defense of lack of jurisdiction over the person is waived to the extent constitutionally permissible if not presented in accordance with the rule. *See* T.R. 12(H). In general, judgments rendered where personal jurisdiction may be lacking are not void but voidable because the defect may be cured or waived. *See Lucas v. Estate of Stavos,* 609 N.E.2d 1114, 1117 (Ind.Ct. App.1993).

In the present case, Stidham does not allege that service of process on him in Kentucky was, in any manner, constitutionally inadequate. We do not conclude, however, that he waived any attack upon the lack of personal jurisdiction. Stidham did not participate in the paternity action. A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding. *Jennings v. Jennings,* 531 N.E.2d 1204, 1206 (Ind.Ct. App.1988) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982)). We must conclude, however, that, because Stidham received constitutionally adequate service of process, any lack of personal jurisdiction would render the judgment against him merely voidable, not void.

A voidable judgment qualifies under T.R. 60(B)(8) and not T.R. 60(B)(6). Nonetheless, the rule provides that the motion still must be filed within a reasonable time. At this point, Stidham's reliance upon the judgment being void becomes important. Stidham claims that, under *Person,* 563 N.E.2d at 163, the "reasonable time" limitation in T.R. 60(B) means no time limit in absence of exceptional circumstances. Because the judgment is, at most, merely voidable, we conclude that the reasonable time limitation in T.R. 60(B) does not mean no time limit under the circumstances.

As noted, the trial court concluded that the approximately seventeen years which passed between the date the court entered the default judgment and the date Stidham filed his motion for relief was not a reasonable time. Stidham has known of the circumstances which surround the paternity judgment and support order for almost two decades now. As stated above, we give the trial court's decision substantial deference on appeal. *Bonaventura,* 670 N.E.2d at 125. We conclude that the decision does not amount to an abuse of discretion. Therefore, the court committed no error when it denied Stidham's request for relief.

## II

Stidham next claims that the trial court erroneously sustained the objection to his exhibit. The exhibit consisted of rulings and a transcript from the proceedings in the circuit court in Kentucky. The matters contained in the exhibit do not affect the decision that Stidham did not file his request for relief from default judgment within a reasonable time. The decision of the trial court fully supports the denial of his request for relief. Stidham therefore has not shown that the rejection of the exhibit harmed his case or amounts to reversible error.

## III

Stidham claims that he was not subject to a suit for paternity in Indiana. As noted, he does not allege that service of process on him in Kentucky was constitutionally inadequate but claims that the Grant Circuit Court failed to obtain personal jurisdiction over him. The text of T.R. 60(B) states that a motion under

 

reasons (5), (6), (7), and (8) "shall be filed within a reasonable time." The record supports the determination that Stidham did not pursue his contention, about the lack of personal jurisdiction, within a reasonable time under the rule. The trial court therefore properly denied the request for relief from default judgment, and we need not discuss the merits of whether the court obtained personal jurisdiction over him during the paternity proceedings.

## IV

 Stidham has never made any payments on the child support order of $20.00 per week. Whelchel therefore filed a request that the trial court reduce the child support arrearage to judgment. The court did so for the time between the date of the support order, September 19, 1978, to the date of June 19, 1996. Stidham now claims the judgment should not have included payments which became due beyond the applicable statute of limitations. Stidham, however, did not raise the statute of limitations defense in the trial court and has waived the issue for purposes of this appeal. *State v. Lidster,* 467 N.E.2d 47, 50 (Ind.Ct.App.1984).

Judgment affirmed.

BAKER and NAJAM, JJ., concur.

Sullivan, J., filed concurring opinion.

Kirsch, J., filed dissenting opinion.