Rocky STIDHAM, Appellant
(Respondent below),

v.

Kathy (Stephens) WHELCHEL, Appellee
(Petitioner below).

No. 27S02–9808–JV–451.

Supreme Court of Indiana.

Aug. 18, 1998.

Joe Keith Lewis, Marion, for Appellant.

James T. Beaman, Marion, for Appellee.

## ON PETITION TO TRANSFER

BOEHM, Justice.

We grant transfer to make clear that a judgment rendered without personal jurisdiction over the defendant may be set aside at any time.

### Factual and Procedural Background

In 1977 Kathy Whelchel filed a paternity action in her home county in Indiana against Rocky Stidham, a Kentucky resident. Whelchel sent service of process to Stidham in Kentucky by certified mail. Stidham did not answer or appear in the Indiana proceedings. In 1978 the court entered a default judgment against Stidham and ordered that he pay twenty dollars weekly child support. Whelchel then initiated proceedings to enforce the order in Kentucky.[1] In 1979 a court in the Kentucky county where Stidham resided held a hearing to determine if a duty of support existed under Kentucky law. According to the Kentucky record, Whelchel was sent notice of the Kentucky hearing but did not appear. Stidham testified that he had never been in Indiana, barely knew Whelchel, and had never had sex with her. The Kentucky court entered a written order that concluded that the Indiana court's judgment was not entitled to full faith and credit because the Indiana court lacked personal jurisdiction over Stidham.

There the matter rested until seventeen years later when Stidham filed a motion in the Indiana court under Trial Rule 60(B)(6) to set aside the default judgment as void for lack of personal jurisdiction. The Indiana trial court noted that under Trial Rule 60(B)(6) a motion for relief must be filed within a "reasonable time," and denied Stidham's motion on the ground that the seventeen year delay in filing the motion was not "reasonable." Stidham was ordered to pay $18,440 in back support and attorney fees.

Stidham appealed, contending that the 1978 Indiana judgment was void for lack of personal jurisdiction over him. The Court of Appeals agreed with Stidham that a void judgment is a legal nullity and therefore could be overturned at any time under *Person v. Person*, 563 N.E.2d 161, 163 (Ind.Ct. App.1990). However, the Court of Appeals concluded that "because Stidham received constitutionally adequate service of process, any lack of personal jurisdiction would render the judgment against him merely voidable, not void." *Stidham v. Whelchel*, 684 N.E.2d 548, 552 (Ind.Ct.App.1997). Because the judgment was voidable it was subject to the "reasonable time" limitation of Trial Rule 60(B), and seventeen years was too late to attack the judgment.

Stidham petitions for transfer. We grant transfer, reverse the trial court, and remand for further proceedings.

---

1. Whelchel filed a petition in the same Indiana court pursuant to the Uniform Reciprocal Enforcement of Support Act. *See* IND CODE §§ 31-2-1-1 to 31-2-1-39 (1993) (repealed 1996 & 1997); *see now* Uniform Interstate Family Support Act. IND CODE §§ 31-18-1-1 to 31-18-9-4 (Supp.1997). URESA and now UIFSA provide a mechanism for cooperation between state courts in enforcing duties of support. Whelchel's petition requested that a court in Kentucky with jurisdiction over Stidham enforce the duty of support that existed in Indiana. The Indiana court concluded in a URESA "certificate" that Whelchel's petition set forth facts "from which it may be determined that [Stidham] owes a duty of support." Pursuant to Indiana Code § 31-2-1-14 the Indiana court forwarded its certificate and other documentation to the Kentucky court (the "responding" court). The "responding" court under Kentucky's URESA statute was to set a hearing to determine whether under Kentucky law the obligor (Stidham) owed a duty of support to the obligee (Whelchel), and to notify the obligor of the hearing. KY REV STAT.ANN. §§ 407.250 to 407.280 (Michie 1984) (repealed 1996). If the responding court found a duty of support to exist, "it may order the [obligor] to furnish support." *Id.* § 407.280.

## I. The Validity of the 1978 Indiana Default Judgment

Stidham, a nonresident defendant, attacks the validity of the default judgment because he contends that the trial court in the 1978 action did not have personal jurisdiction over him. Specifically he says he had no "minimum contacts" with this State. Stidham acknowledges that sexual intercourse in Indiana leading to conception is a sufficient contact to support a paternity order under Trial Rule 4.4. *Neill v. Ridner,* 153 Ind.App. 149, 286 N.E.2d 427 (1972). However, he maintains that at the time of the action he had never been in Indiana and that he never had sex with Whelchel in this State or elsewhere.

■ Stidham is correct that a default judgment that is rendered without minimum contacts violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and is void. In holding that a default judgment rendered without minimum contacts is voidable not void, the Court of Appeals stands in direct conflict with *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) and *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As the Supreme Court held in *World–Wide Volkswagen,*

> [t]he Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. A judgment rendered in violation of due process is void in the rendering State and not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit and be subject to the personal jurisdiction of the court.

444 U.S. at 291, 100 S.Ct. 559 (citations omitted). And as firmly established by *Interna-*

*tional Shoe,* the Due Process Clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations." 326 U.S. at 319, 66 S.Ct. 154. Under this clear precedent, a judgment entered without minimum contacts violates due process and a judgment that violates due process is void not voidable. *See also Burnham v. Superior Court of California, County of Marin,* 495 U.S. 604, 608, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) ("The proposition that the judgment of a court lacking [personal] jurisdiction is void traces back to the English Year Books....") (citations omitted).[2]

■ The distinction between a void and voidable judgment is no mere semantic quibble. "A void judgment is one that, from its inception, is a complete nullity and without legal effect...." 46 AM.JUR.2D *Judgments* § 31 (1994). By contrast, a voidable judgment "is not a nullity, and is capable of confirmation or ratification. Until superseded, reversed, or vacated it is binding, enforceable, and has all the ordinary attributes and consequences of a valid judgment." 46 AM.JUR.2D *Judgments* § 30 (1994). A judgment rendered by a State without the necessary contacts with an indispensable party (in this case the only party) is void because it would "offend traditional notions of fair play and substantial justice," *International Shoe,* 326 U.S. at 316, 66 S.Ct. 154 (internal quotation marks omitted), if it were merely voidable. A plaintiff would be able to obtain a default judgment after serving process upon any party, no matter how remote, and place the burden on that party to seek to eradicate the record "within a reasonable time" or run the risk that a valid judgment may be outstanding in the plaintiff's choice of forum where it may become quite important at some indeterminate time in the future even if

2. This proposition was well established in Indiana both before and after its development as a branch of Fourteenth Amendment due process doctrine. *See Calumet Teaming & Trucking Co. v. Young,* 218 Ind. 468, 472, 33 N.E.2d 109, 110 (1941); *Cavanaugh v. Smith,* 84 Ind. 380, 382 (1882) ("It is true beyond all question, that where it is made to appear in a proper manner that there was no jurisdiction of the person, the

judgment will not be simply erroneous, but absolutely void."); *Horner v. Doe,* 1 Ind. 130, 133 (1848); *Gourley v. L.Y.,* 657 N.E.2d 448, 449 (Ind.Ct.App.1995); *Dusenberry v. Dusenberry,* 625 N.E.2d 458, 461–62 (Ind.Ct.App.1993); *Poteet v. Bethke,* 507 N.E.2d 652, 653 (Ind.Ct.App. 1987); *see generally* 4 WILLIAM F. HARVEY, INDIANA PRACTICE § 60.9, at 183 (2d ed.1991).

insignificant today. This result would invite courts to rule on suits against anyone. A court simply has no power over persons who have no contact with their territory, unless and until there is a response or an appearance and the lack of personal jurisdiction is not protested. Accordingly, if Stidham is correct that no minimum contacts existed, then the Indiana trial court did not have personal jurisdiction over him and its effort to exercise that power was a nullity.

■ In the present case, the Court of Appeals cited *Lucas v. Estate of Stavos,* 609 N.E.2d 1114, 1117 (Ind.Ct.App.1993) for the proposition that "judgments rendered where personal jurisdiction may be lacking are not void but voidable because the defect may be cured or waived." [3] *Stidham,* 684 N.E.2d at 552. A handful of other cases have used similar language. *See Trook v. Lafayette Bank & Trust Co.,* 581 N.E.2d 941, 944–46 (Ind.Ct.App.1991); *see also K.S. v. R.S.,* 669 N.E.2d 399, 404–05 (Ind.1996); *Chapin v. Hulse,* 599 N.E.2d 217, 220–21 (Ind.Ct.App. 1992). However, unlike the current case, these cases are not personal jurisdiction cases and the proposition cited is not essential to their results. For example, in *Lucas* the defendants in a wrongful death action attempted to deny that the decedent had a surviving minor child by challenging the prior determination by a Louisiana court that the decedent was the father of the child. The defendants were not a party to the Louisiana proceeding and were not served. The Court of Appeals affirmed the Indiana trial court's determination that the Louisiana proceeding was entitled to full faith and credit. Although a part of the Court of Appeals' opinion discusses the void/voidable distinction, and includes the statement that judgment rendered without personal jurisdiction is voidable not void because it is curable, the case does not stand for that general proposition. Rather, on these facts, as the Court of Appeals held, although the wrongful death defendants had the ability to intervene as a "necessary" party in the Louisiana paternity case, under Louisiana law the defendants were not indispensable parties to the Louisiana proceeding. *Lucas,* 609 N.E.2d at 1117. Accordingly, the judgment was not void for absence of an indispensable party. *K.S. v. R.S.,* 669 N.E.2d 399, 404–05 (Ind.1996), which held that failure to join the child in a paternity proceeding rendered the judgment in that proceeding voidable not void, is to the same effect. In contrast to these cases, Stidham as the only defendant was essential to the adjudication of the 1978 Indiana case.

For its dictum that lack of personal jurisdiction renders a judgment voidable but not void *Lucas* cited only *Trook,* 581 N.E.2d at 944–45. *Trook,* however, also involved a collateral attack on an adjudication (in that case an appointment of a guardian) by a party who was not served in the original proceeding. Although the court used the void/voidable language, it like *Lucas* holds no more than that the original proceeding is binding only as to the parties who were before it. Unlike the Court of Appeals' opinion in this case, it does not suggest that all failures of personal jurisdiction may be cured after the fact.

■ *Trook* took the view that this Court's opinion in *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.,* 572 N.E.2d 487 (Ind.1991), although stating that lack of service rendered a judgment "void," actually treated the judgment as "voidable." The *Trook* court drew this conclusion from the fact that in *Shotwell* the Court observed that the flaw in service was properly preserved by the defendants who asserted it as a defense to a proceeding to enforce the default judgment. By this observation the *Shotwell* opinion merely noted that the defendants had not waived the lack of personal jurisdiction because they raised it at the enforcement proceeding. A claim of lack of personal jurisdiction may of course be waived or, as the *Trook* court put it, is susceptible to "cure" or "waiver." This is a far cry from holding that because it may be waived it is always waived. Rather,

---

**3.** The Court of Appeals properly stated that a judgment entered where there has been no service of process is void for want of personal jurisdiction. *Stidham,* 684 N.E.2d at 552 (citing *Bonaventura v. Leach,* 670 N.E.2d 123, 126 (Ind. Ct.App.1996) & *Burke v. DeLarosa,* 661 N.E.2d 43, 46 (Ind.Ct.App.1996)); *see also LaPalme v. Romero,* 621 N.E.2d 1102, 1105 (Ind.1993); *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.,* 572 N.E.2d 487, 489 (Ind.1991).

"waiver" must be by the person holding the rights (in this case a defendant with a right not to be sued in a court with no jurisdiction). A "cure" must be within the power of the party asserting jurisdiction (e.g., where a defective mode of service of process has been used but the defendant is subject to personal jurisdiction and can be served a second time in a proper manner). Neither doctrine means that any party that has the power to waive a defense will be found to have done so.

■ It is a bold move, but an option available to a nonresident to ignore a pending proceeding and take the risk that a subsequent challenge to personal jurisdiction will prevail. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 706, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding."). This is the course Stidham chose. Stidham has correctly characterized his challenge to the default judgment as void for lack of personal jurisdiction under Trial Rule 60(B)(6). We agree with the Court of Appeals that a judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time and that the "reasonable time" limitation under Rule 60(B)(6) means no time limit. *Person v. Person,* 563 N.E.2d 161, 163 (Ind.Ct.App.1990). Accordingly, as a matter of law the trial court erred in finding Stidham's motion barred because it was not filed within a "reasonable time."

### II. Resolution of this Case on Remand

■ On a motion to set aside a default judgment, the burden is on the movant to show sufficient grounds for relief. *Bonaventura v. Leach,* 670 N.E.2d 123, 125 (Ind.Ct. App.1996). At a hearing on the motion under Trial Rule 60(B)(6) Stidham offered as evidence of the Indiana court's lack of personal jurisdiction an exhibit that consisted of a certified copy of the entire court file of the Kentucky proceedings. This exhibit included the 1979 order of the Kentucky court. It also included a transcript of testimony by

Stidham that he had never been in Indiana, barely knew Whelchel, and never had sexual intercourse with her in Indiana or anywhere else. Whelchel did not appear in the Kentucky proceeding in 1979.

Seventeen years later, at the Trial Rule 60(B)(6) hearing Whelchel offered no evidence. Instead she objected that Stidham's exhibit was inadmissible hearsay. Although Whelchel objected to the "exhibit," her objection was directed to Stidham's testimony as hearsay and not to the Kentucky court's order. She contended that the testimony was inadmissible hearsay under Evidence Rule 804(b)(1) and did not address Stidham's claim, also phrased to apply to the entire "exhibit," that the exhibit was an admissible public record under Evidence Rule 803(8).

The trial court correctly sustained Whelchel's objection to the transcript of the Kentucky hearing. One condition for the admissibility of prior testimony under Evidence Rule 804(b)(1) is a showing that the declarant is unavailable as a witness. The burden rests with the proponent of the evidence. *Cf. United States v. Pelton,* 578 F.2d 701, 709 (8th Cir.1978); 13 ROBERT LOWELL MILLER, JR., INDIANA PRACTICE § 804.100, at 707 (2d ed.1995). Stidham has not shown or attempted to show that his testimony was unavailable and accordingly the trial court did not err by excluding his prior testimony.

■ It is unclear whether the trial court intended to exclude the Kentucky court's order or only the testimony included as part of the offered Kentucky court file. In its "Findings and Recommendations on [Stidham's] Motion" the trial court found that "[Stidham] has tendered an exhibit of his testimony in the [Kentucky] Court, and [Whelchel] has objected to the admission of [Stidham's] exhibit." The court then granted Whelchel's objection without mention of the Kentucky order. In the trial court and on appeal Whelchel did not directly address the admissibility of the order or address the merits of the public records exception. In any event, the order, but not the testimony, is properly before the Indiana courts as a

certified copy of a court of a sister state.[4] Ind. Evidence Rule 902(1); Ind. Trial Rule 44(A)(1).

### III. The Effect of the Prior Rulings

 Although the Kentucky order is properly before the Indiana courts, the parties have not argued and we do not decide either what it adjudicated or whether it is binding on Whelchel as to any issue. The proceedings in Kentucky appear from the record to have been a hearing by a "responding" state under Kentucky's Uniform Reciprocal Enforcement of Support Act. *See* KY. REV.STAT.ANN. §§ 407.010 to 407.480 (Michie 1984) (repealed 1996).[5] A URESA support order by a responding state does not modify an Indiana order according to *Banton v. Mathers,* 159 Ind.App. 634, 639, 309 N.E.2d 167, 170 (1974); *accord Beach v. Beach,* 642 N.E.2d 269, 278–79 (Ind.Ct.App.1994).

We also cannot decide on this record whether the Indiana court in 1978 had jurisdiction over Stidham. As noted above, the trial court properly excluded the testimonial portion of the Kentucky court file at least to the extent it was offered to prove the truth of the matters to which Stidham testified. As a result, there is literally no evidence in this record bearing on this jurisdictional issue. Further, because the trial court ruled on the basis of timeliness of Stidham's motion, we are presented with no clear record and no argument of the parties as to whether the hearing remained open or Stidham simply failed to carry his burden to establish the claimed jurisdictional flaw in the prior proceeding.

### Conclusion

We hold that a judgment rendered without personal jurisdiction over an indispensable party is void as to that party. Because a collateral attack on a default judgment for lack of personal jurisdiction may be made at any time, we reverse the trial court's dismissal of Stidham's motion as not made within a "reasonable" time. The case is remanded for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.

---

4. To the extent the exhibit is offered to prove what the proceedings in Kentucky were, as opposed to the truth of any matters reported in the testimony, it may be an admissible public record, but the parties do not point to any issue as to which this would be relevant.

5. Although Whelchel did not personally appear at the hearing, the Kentucky statute contemplated that she would be represented at the hearing either by the county attorney or counsel hired by the Kentucky secretary of human resources. KY REV.STAT ANN. § 407.250(3) (Michie 1984) (repealed 1996). The Kentucky order, however, states that Whelchel did not appear "nor did she enter any appearance through any attorney." This raises an issue whether the Kentucky order was valid as a matter of Kentucky's URESA law.