Willie Mae **DAVIS**, Appellant
(Petitioner Below),

v.

Gilmer W. **DAVIS**, Appellee
(Respondent Below).

No. 2–485 A 123.

Court of Appeals of Indiana,
Third District.

Oct. 28, 1985.

Rehearing Denied Dec. 5, 1985.

Dean S. Eveland, Kenneth C. Kern & Associates, Indianapolis, for appellant.

Steven M. Kirsh, Friedlander & Kirsh, P.C., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Willie Mae Davis (Wife) appeals from the trial court's dismissal of her action against appellee Gilmer W. Davis (Husband). Wife had filed a petition for contempt and modification of support, and Husband responded by filing a motion to dismiss for lack of jurisdiction over the person pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(2). The record reveals the following facts.

The Davises were married in Kentucky in 1957. In 1958, while travelling through Indiana from Kentucky to Ohio, the Davises stopped in Indianapolis to visit some of Wife's relatives. They stayed in Indianapolis for a period of four to twelve weeks. Husband has not been in Indiana since that time. The Davises were divorced in New Mexico on February 16, 1970. Husband now lives in Columbus, Georgia, and Wife now lives in Indiana, having moved here in 1972. Husband has never resided in Indiana, nor has he ever conducted any business in Indiana. Husband is retired from the Armed Forces and is employed as a Department of the Army civilian worker. His pay is distributed through the United States Army Finance and Accounting Center at Fort Harrison, Indiana.

Wife contends that the trial court erred in dismissing her action against Husband. Husband contends, however, that pursuant to Ind. Rules of Procedure, Trial Rule 4.4(A), he has not submitted himself to the jurisdiction of Indiana courts.

In a case where the parties were divorced in Indiana but had since separately relocated to California and Texas, this Court stated that the trial court's consideration of T.R. 4.4(A)(7) was not necessary when petitioned to modify support, because the court retained personal jurisdiction over the par-

ties *once acquired.* (Emphasis supplied.) *Weber v. Harper* (1985), Ind.App., 481 N.E.2d 426. Thus, in the present case, the trial court only has jurisdiction over Husband, if acquired.

Pursuant to T.R. 4.4(A), as well as the various cases upon which Wife relies, before a non-resident falls subject to the jurisdiction of Indiana courts, some act must occur within this state. Wife contends that Husband has met this "minimum contact" test. *See, Neill v. Ridner* (1972), 153 Ind. App. 158, 286 N.E.2d 427. She argues that Husband's brief presence in the state during 1958, and the fact that his pay is distributed through an Army Center in Indiana, is enough to trigger jurisdiction.

 T.R. 4.4(A) provides a list of those acts which satisfy "minimum contacts." It is clear from that list that subsections (1) through (6) are inapplicable. Wife's argument, based upon Husband's stay in this state in 1958, is an attempt to trigger subsection (7) which reads as follows:

> "living in the marital relationship within the state notwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state."

However, a stay in this state while on vacation does not constitute "living" within this state. *See, In re Marriage of Rinderknecht* (1977), 174 Ind.App. 382, 367 N.E.2d 1128. Furthermore, even if such did constitute living within the state, Wife has not continued to reside in Indiana since that time. Therefore, the fact that Husband spent four to twelve weeks here during 1958, does not give the courts of Indiana personal jurisdiction over him.

Also, it is undisputed that Husband receives his pay through the Army Center in Indiana and that his support payments are mailed directly from that office. However, after reviewing T.R. 4.4(A), it is clear that such is not one of the "acts" within that rule. There is no authority or ground for the belief that the trial courts of Indiana have personal jurisdiction over all persons whose only contact with this state is the distribution of pay by that office.

Therefore, the trial court did not err in dismissing Wife's action for lack of personal jurisdiction over Husband.

Affirmed.

STATON, P.J., and GARRARD, J., concur.