Julie TORBORG, Appellant–Defendant,

v.

FORT WAYNE CARDIOLOGY,
INC., Appellee–Plaintiff.

No. 02A03–9606–CV–188.

Court of Appeals of Indiana.

Oct. 31, 1996.

**948**

Joseph J. Montel, Van Horne, Turner & Stuckey, Auburn, for Appellant–Defendant.

Norman S. Snow,, Snow & Sauerteig Fort Wayne, Thomas J. Markle, Barrett & McNagny, Fort Wayne, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

Julie Torborg ("Julie") appeals the trial court's denial of her Motion to Dismiss, claiming that the trial court erred in finding it had personal jurisdiction over Julie.

We reverse.

## FACTS

In early 1996[1], Fort Wayne Cardiology ("Cardiology") filed a complaint against Julie in Allen County Superior Court seeking reimbursement for medical services provided to her husband, Peter Torborg, from February 18, through 20, 1995, in Fort Wayne, Indiana. At the time of Peter's treatment by Cardiology, Julie and Peter were, and continue to be, residents of Findlay, Ohio. The record reveals that Julie has never been a resident of Indiana and there is no evidence that Julie has ever visited Indiana. Neither Julie nor Peter signed any agreement with Cardiology fixing Indiana as the forum for this suit.

Julie first filed a limited appearance for the purposes of challenging personal jurisdiction. Then, on March 4, 1996, Julie filed a verified motion to dismiss claiming that under Trial Rule 12(B)(2), the trial court lacked personal jurisdiction, and, in the alternative, that the Federal Fair Debt Collection Practices Act[2] required this suit to be filed in the judicial district in which Julie resided. The trial court denied Julie's motion to dismiss on April 22, 1996, stating, "The Defendant submitted to the jurisdiction of this Court by virtue of the fact that her husband received necessary medical services at Parkview Hospital in Fort Wayne, Allen County, Indiana." (R. 16). On May 20, 1996, the trial court certified its interlocutory order for appeal pursuant to Ind.App. Rule 4(B)(6) and the present appeal ensued.

## ISSUE

Julie presents two issues[3] on appeal which we restate as:

I. Whether the trial court erred by asserting personal jurisdiction over Julie.

## DISCUSSION

 Initially, we must note that Cardiology failed to timely file its appellee's brief. Because Cardiology's brief was not timely filed, Julie "needs only to establish *prima facie* error to obtain reversal." *Valley Fed-*

---

1. Neither the Complaint nor the Chronological Case Summary reflect the exact date that the Complaint was filed.

2. 15 U.S.C.A. § 1692, *et. seq.*

3. Because we find the personal jurisdiction issue to be dispositive, we decline to address the Federal Fair Debt Collection Practices Act issue.

*eral Sav. Bank v. Anderson,* 612 N.E.2d 1099, 1101 (Ind.Ct.App.1993). The rule requiring only a *prima facie* showing of error was created so that this court need not assume the appellee's burden of countering the appellant's arguments. *Head v. State,* 632 N.E.2d 749, 750 (Ind.Ct.App.1994). *"Prima facie* error is error at first sight, at first appearance, or on the face of it." *Valley Federal Sav. Bank,* 612 N.E.2d at 1101.

◼ The decision to grant a motion to dismiss for lack of personal jurisdiction under T.R. 12(B)(2) lies within the discretion of the trial court. *Freemond v. Somma,* 611 N.E.2d 684, 687 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* Thus, Julie need only show that "at first sight" the trial court abused its discretion by denying her motion to dismiss to obtain a reversal.

◼ A motion to dismiss pursuant to T.R. 12(B)(2) is a proper method of challenging the personal jurisdiction of a trial court. *Lee v. Goshen Rubber Co., Inc.,* 635 N.E.2d 214, 215 (Ind.Ct.App.1994), *trans. denied.* "When in personam jurisdiction is challenged by a motion to dismiss, the burden is with the plaintiff to show the court a basis for the assertion of long-arm jurisdiction." *Oddi v. Mariner–Denver, Inc.,* 461 F.Supp. 306, 310 (S.D.Ind.1978). Because Cardiology did not reply to Julie's motion to dismiss and failed to file an appellee's brief, it relies solely on the medical services provided to Julie's husband, Peter, as the basis for personal jurisdiction over Julie.

◼ To gain personal jurisdiction over a non-resident, such as Julie, Indiana courts must rely on Indiana's long-arm statute, Ind.Trial Rule 4.4(A). Trial Rule 4.4(A) states that nonresidents submit to personal jurisdiction within Indiana for any action arising from one of seven enumerated acts. "The purpose of Trial Rule 4.4(A) is to extend jurisdiction to the boundaries permitted by the due process clause of the Fourteenth Amendment." *Fidelity Financial Services, Inc. v. West,* 640 N.E.2d 394, 397 (Ind.Ct. App.1994). Because T.R. 4.4(A) seeks to extend jurisdiction to the limits of due process, "the usual two-step analysis of first checking if a state statute allows jurisdiction over de-fendant and then ascertaining whether the state's assertion of jurisdiction accords with due process collapses into a single search for the outer limits of what due process permits." *Oddi,* 461 F.Supp. 306, 308 (S.D.Ind. 1978). We, therefore, look to see if due process permits the assertion of personal jurisdiction over Julie, an Ohio resident.

◼ "To exercise jurisdiction consonant with due process over a non-resident defendant, 'certain minimum contacts' must exist between the non-resident defendant and the forum 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Tietloff v. Lift–A–Loft,* 441 N.E.2d 986, 989 (Ind.Ct.App.1982)(quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945))(quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). The resolution of this appeal revolves around the determination of whether Julie had sufficient minimum contacts with Indiana.

◼ In our analysis, we focus "on the *defendant's* activities within the forum state, not those of the plaintiff." *Id.* (emphasis added). The trial court must find, at a minimum, that Julie "purposefully availed" herself of the benefits or privileges of Indiana, "thus invoking the benefits and protections of its laws." *Freemond v. Somma,* 611 N.E.2d 684, 688 (Ind.Ct.App.1993)(quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). "The 'purposeful availment' requirement ensures that a defendant will not be hauled into jurisdiction solely on the basis of 'random, fortuitous or attenuated contacts or the unilateral activity of another party or a third person who claims some relationship with him.' " *Freemond,* 611 N.E.2d at 688 (quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985)).

In its brief order denying Julie's motion to dismiss, the trial court stated that Julie submitted to personal jurisdiction because her husband received medical assistance in Fort Wayne, Indiana. The sole contact upon which the trial court based personal jurisdiction over Julie was Peter Torborg's presence

in Indiana and the medical services he received. There is no evidence that Julie was ever physically present in Indiana. There is no evidence of her contracting to pay for such services. In fact, there is no indication in the record why Julie, instead of Peter, is the defendant in the present action. The focus of our analysis must be on the actions of the defendant, Julie, not on Peter's actions. *Tietloff*, 441 N.E.2d at 989. Because the sole contact that Julie had with Indiana was the medical services her husband received and her husband's actions are not properly considered in our analysis of personal jurisdiction over Julie, there remains no contact upon which personal jurisdiction over Julie can be based. We find that, because no contacts existed to justify personal jurisdiction over Julie, the trial court's decision was an abuse of its discretion. Julie has, therefore, presented the *prima facie*

evidence of error necessary to obtain a reversal of the trial court's order. *Valley Federal Sav. Bank v. Anderson*, 612 N.E.2d 1099, 1101 (Ind.Ct.App.1993). The trial court's order denying Julie's motion to dismiss is, therefore, reversed.

Reversed and remanded with instructions to the trial court to grant Julie Torborg's motion to dismiss for lack of personal jurisdiction.

HOFFMAN and KIRSCH, JJ. concur.