**In re the Marriage of Steven L. MILLER, Appellant–Respondent,**

v.

**Cindy L. (Miller) MOORE, Appellee–Petitioner.**

No. 29A04–9711–CV–466.

Court of Appeals of Indiana.

July 23, 1998.

David M. Adams, Noblesville, for Appellant–Respondent.

Melvin A. Richards, Noblesville, for Appellee–Petitioner.

**OPINION**

STATON, Judge.

Steven L. Miller appeals the trial court's denial of his motion to set aside the court's

assumption of jurisdiction and his motion to set aside the court's order that he pay a portion of his daughter's higher education expenses. He raises three issues on appeal, one of which is dispositive: whether the trial court lacked jurisdiction to order Steven to pay a portion of his daughter's higher education expenses.

We reverse.

Steven and his ex-wife, Cindy Moore, were divorced in the State of Pennsylvania. Cindy was awarded custody of their two children and subsequently moved to Indiana where she currently resides. Steven also moved from Pennsylvania, and he now resides in Missouri.

An Indiana trial court, pursuant to Cindy's request, assumed jurisdiction over the parties' divorce action for the purpose of considering whether to require Steven to pay a portion of his daughter's higher education expenses. The parties' divorce decree required Steven to pay child support, but it made no reference to the children's education expenses. The court notified Steven via certified mail of its assumption of jurisdiction. The court also notified Steven of a hearing to consider Cindy's petition for additional support.

Steven failed to appear at the support modification hearing, and the court entered a judgment requiring Steven to pay a portion of his daughter's expenses. Steven's attorney subsequently entered an appearance on his behalf and filed motions to set aside the court's assumption of jurisdiction and its order modifying Steven's support obligation. Following a hearing, the trial court denied Steven's motions; this appeal ensued.

The grant or denial of a motion for relief from judgment is within the sound discretion of the trial court and we will reverse only for abuse of that discretion. Ind. Trial Rule 60; *Gipson v. Gipson,* 644 N.E.2d 876, 877 (Ind. 1994). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175, 180 (Ind.1993).

■ Steven argues that the trial court lacked jurisdiction to modify his child support, and as such, abused its discretion by failing to grant his motions to set aside its assumption of jurisdiction and its modification order. "Jurisdiction is comprised of three elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case." *Browning v. Walters,* 620 N.E.2d 28, 31 (Ind. Ct.App.1993). Because it is dispositive, we address only whether the trial court had personal jurisdiction over Steven.

The trial court assumed jurisdiction over a Pennsylvania divorce decree for the purpose of considering Cindy's petition to modify child support. The court then notified Steven of its assumption of jurisdiction and ordered him to appear at a hearing on the merits of Cindy's petition. Because Steven was not a resident of Indiana, however, the trial court could have validly exercised jurisdiction over Steven only to the extent that the action comported with Indiana's long-arm statute, Ind. Trial Rule 4.4(A). *Torborg v. Fort Wayne Cardiology,* 671 N.E.2d 947, 949 (Ind.Ct.App.1996).

We have said that the purpose of Ind. Trial Rule 4.4(A) is "to extend jurisdiction to the boundaries permitted by the due process clause of the Fourteenth Amendment." *Id.* (quoting *Fidelity Fin. Serv. Inc. v. West,* 640 N.E.2d 394, 397 (Ind.Ct.App.1994)). Thus, we must consider whether due process permits the assertion of personal jurisdiction over Steven.

In *Torborg,* we discussed how to determine whether the exercise of jurisdiction over a non-resident comports with due process.

"To exercise jurisdiction consonant with due process over a non-resident defendant, 'certain minimum contacts' must exist between the non-resident defendant and the forum 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " *Tietloff v. Lift–A–Loft,* 441 N.E.2d 986, 989 (Ind.Ct.App.1982)(quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945))(quoting *Milliken v. Meyer,* 311 U.S. 457, 463,

61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)). The resolution of this appeal revolves around the determination of whether [the non-resident] had sufficient minimum contacts with Indiana.

In our analysis, we focus "on the *defendant's* activities within the forum state, not those of the plaintiff." *Id.* (emphasis added). The trial court must find, at a minimum, that [the non-resident] "purposefully availed" herself of the benefits or privileges of Indiana, "thus invoking the benefits and protections of its laws." *Freemond v. Somma*, 611 N.E.2d 684, 688 (Ind. Ct.App.1993) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). "The 'purposeful availment' requirement ensures that a defendant will not be [haled] into jurisdiction solely on the basis of 'random, fortuitous or attenuated contacts or the unilateral activity of another party or a third person who claims some relationship with him.'" *Freemond*, 611 N.E.2d at 688 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985)).

*Id.*

■ The record contains very little information regarding Steven's contacts with Indiana. It does reveal that both of Steven's children resided in Indiana for a number of years and Steven had visitation rights. Too, Steven's daughter continues to reside in Indiana, and she attends school at a state university. Thus, it might be inferred that Steven spent some time in Indiana. We conclude, however, that Steven's limited contact with Indiana is insufficient to satisfy the "minimum contacts" test. *See Davis v. Davis*, 484 N.E.2d 600, 601 (Ind.Ct.App. 1985), *trans. denied*, (insufficient contacts to establish personal jurisdiction where father's only contact with Indiana was a four to twelve week visit twenty-five years earlier and the fact that his pay was routed through Indiana); *In re Support of Seligman*, 542 N.E.2d 1030, 1033 (Ind.Ct.App.1989) (establishment of an Indiana guardianship over daughter was insufficient to obtain personal jurisdiction over non-resident father). Ac-

cordingly, the trial court did not have personal jurisdiction over Steven.

Cindy argues that the trial court had jurisdiction to modify the support order pursuant to the Uniform Reciprocal Enforcement of Support Act ("URESA"), IND.CODE §§ 31–2–1–1 to 31–2–1–39 (1993 & Supp.1996). URESA contemplates the jurisdictional problems raised by cases similar to this one and provides a procedure by which these hurdles may be overcome. Under URESA, Cindy's Indiana petition should have been forwarded to a Missouri court for further proceedings since the courts of that state could have obtained personal jurisdiction over Steven. *See* IC 31–2–1–14. Unfortunately, this procedure was not followed here, and consequently, URESA was of no benefit to Cindy.

■ Finally, Cindy argues that Steven has waived any personal jurisdiction argument because he did not raise a timely and proper objection to the court's exercise of jurisdiction. Cindy is correct that a court's lack of personal jurisdiction may be waived if not properly raised. *See Stidham v. Whelchel*, 684 N.E.2d 548, 552 (Ind.Ct.App.1997), *reh. denied*. Nevertheless, Steven avoided waiver by raising his jurisdictional argument immediately after entering his first appearance in the case. Although Steven first challenged jurisdiction eighty-four days after the trial court entered its order assuming jurisdiction, "a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Id.* We hold that the trial court abused its discretion by refusing to grant Steven's motion to set aside its assumption of jurisdiction and its order requiring Steven to pay a portion of his daughter's education expenses.

Reversed.

HOFFMAN and FRIEDLANDER, JJ., concur.