**Kim BUCKALEW, Appellant–Petitioner,**

v.

**Tim BUCKALEW, Appellee–Respondent.**

**No. 34A05–0004–CV–174.**

Court of Appeals of Indiana.

Feb. 7, 2001.

---

Dan J. May, Kokomo, IN, Attorney for Appellant.

Andrew J. Vandenbosch, Raquet & Vandenbosch, Kokomo, IN, Attorney for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Kim Buckalew appeals from the trial court's denial of her motion for relief from judgment, which sought to set aside a dissolution of marriage decree entered pursuant to a settlement agreement executed by her and her ex-husband, Tim Buckalew. We reverse and remand.[1]

### Issue

Kim requests that we review a number of issues, but we find the first one she raises is dispositive. We restate this issue as whether the trial court was required to comply with a local rule governing income and property disclosure in dissolution actions before it entered the dissolution decree.

### Facts

Kim and Tim signed a prenuptial agreement on June 16, 1988, and were married two days later. After consulting an attorney employed by the UAW (United Auto Workers) Legal Services Plan, Tim filed a

---

1. Kim moved for oral argument in this case, but finding the issues to be adequately addressed by the written briefs, we hereby deny that motion.

pro-se petition for dissolution of marriage on November 12, 1998. Although Kim, as the spouse of a UAW member, was entitled to have UAW pay part of her fee for a consultation in this matter, she claims she never received a letter informing her of this benefit because it was not mailed to her current residence or place of work. Tim does not dispute this assertion. The UAW attorney also prepared a "Waiver of Service of Process and Venue" signed by Kim, and a "Waiver of Final Hearing" and a "Waiver of Domestic Relations Disclosure Form" that both parties signed. The parties also signed a "Settlement Agreement Upon Dissolution of Marriage," which had been prepared by the UAW attorney and to which the prenuptial agreement was attached as an exhibit.

On January 19, 1999, the trial court entered a "Decree of Dissolution" that incorporated the settlement agreement. Pursuant to that agreement, Tim received the marital residence in its entirety, two debt-free vehicles, two debt-free boats, a checking account, a savings account, an employee personal savings plan, a pension plan, and a life insurance policy. Kim received a vehicle subject to a debt, a savings account, and her interest in her employer's pension plan. On August 9, 1999, after obtaining counsel, Kim filed a "Verified Motion for Relief from Judgment," which alleged among other things that "The Petitioner Husband and/or his counsel failed to file a property disclosure as required by local rules. . . ." Record p. 32. Entering written findings and conclusions as requested by Kim, the trial court denied her motion for relief from judgment on January 13, 2000. Its finding with respect to Kim's local rule argument was "[t]hat the parties consented to the waiver of the filing of a property disclosure form." Record p. 79. Kim now appeals.

## Analysis

■ The grant or denial of a motion for relief from judgment under Indiana Trial Rule 60(B) is within the sound discretion of the trial court, and we will reverse only for abuse of that discretion. *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind.Ct.App. 1998). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.* Although we recognize that there is a strong policy favoring the finality of marital property divisions, relief is available from a judgment that is "void" due to a jurisdictional defect. *See Dusenberry v. Dusenberry*, 625 N.E.2d 458, 461–62 (Ind.Ct.App.1993). Kim asserts that the trial court erred by entering a dissolution decree, even though a local court rule governing dissolution proceedings had not been followed.

■ Our supreme court has held that the statutes governing marital dissolution do not impose a duty on parties to a dissolution proceeding to spontaneously disclose financial information. *Selke v. Selke*, 600 N.E.2d 100, 101–02 (Ind.1992). However, perhaps partly in response to this holding, the courts of Howard County enacted a local trial rule that does require the full disclosure of income and property information in every dissolution action. We emphasize the ability of local courts to enact such a rule and, in our judgment, the wisdom of doing so. Civil Rule 16(B) of the Howard County Circuit Court provides in pertinent part:

1. In order . . . to insure complete, uniform and reciprocal disclosure of income, property, and assets, each party to an action for divorce or separation shall cause to be filed with the Court in which the action is pending, an Income and Property Disclosure Form which shall be from time to time designated and approved by the Howard County Courts. The Initiating Party shall file the disclosure form within 30 days of the date the action is filed. . . .

\* \* \* \* \* \*

4. No final hearing may be scheduled and no decree of dissolution of marriage or legal separation shall be entered un-

less and until the prescribed disclosure form is filed with the Court, except in cases where the parties are each represented by separate counsel and file with the court a waiver of such requirement.[2] Tim acknowledges that no disclosure form contemplated by the rule was filed and that Kim was not represented by counsel when she executed the "Waiver of Domestic Relations Disclosure Form." The waiver Kim signed was apparently an attempt to bypass the requirement that the parties submit a property disclosure form.

 "The authority of trial courts to adopt local rules, as long as they are not inconsistent with any statute or rule promulgated by our supreme court, is without question." *Gorman v. Zeigler*, 690 N.E.2d 729, 732 (Ind.Ct.App.1998); *see also* Ind. Code § 34–8–1–4; Ind. T.R. 81(A). Tim does not argue that Howard County Civil Rule 16(B) is in conflict with any of our supreme court's trial rules or any statute. As our supreme court has observed:

'A rule of court is a law of practice, extended alike to all litigants who come within its purview, and who, in conducting their causes, have the right to assume that it will be uniformly enforced by the court, in conservation of their rights, as well as to secure the prompt and orderly dispatch of business. Furthermore, a rule adopted by a court is something more than a rule of the presiding judge; it is a judicial act, and when taken by a court, and entered of record, becomes a law of procedure therein, in all matters to which it relates, until rescinded or modified by the court.'

*Meredith v. State*, 679 N.E.2d 1309, 1311 (Ind.1997) (quoting *Magnuson v. Billings*, 152 Ind. 177, 180, 52 N.E. 803 (1899)). As a general rule, all litigants and the court are bound by the rules of that court once a rule is made, although a court may in certain circumstances decline to follow its own rule. *Meredith*, 679 N.E.2d at 1311. "Before a court may set aside its own rule, and it should not be set aside lightly, the court must assure itself that it is in the interests of justice to do so, that the substantive rights of the parties are not prejudiced, and that the rule is not a mandatory rule." *Id.* Generally, rules that are jurisdictional, defined as those that set time limitations or other requirements that must be met before the court may hear the case, are mandatory and not directive. *Id.* at 1311 n. 2.

It is evident that Howard County Civil Rule 16(B) is jurisdictional in nature and, therefore, it is mandatory and compliance with it cannot be waived. The rule clearly states that a Howard County Court *cannot* conduct a final hearing or enter a marital dissolution decree unless the required income and property disclosure forms are filed with the court. It is further clear that the only exception to this mandatory requirement is where the parties are each represented by separate counsel *and* a waiver is filed; both elements to the exception must be satisfied.

 Tim's argument on this point is essentially that Kim waived compliance with the no-waiver-unless-represented-by-separate-counsel rule by signing the

2. We observe that there is apparently another Civil Rule 16(B) in Howard County that reads in its entirety:
B. SCHEDULE OF ASSETS AND LIABILITIES. A schedule of assets and liabilities, together with copies of any and all inventories and appraisals, shall be submitted to the Court prior to the beginning of a *contested* trial and copies served upon opposing counsel.
(Emphasis added.) However, Tim makes no argument that this rule was controlling in the present case and, in fact, does not mention this rule at all. The trial court also evidently believed that the other Civil Rule 16(B) applied to this case. It specifically found that the parties waived the filing of a "property disclosure statement," which is referred to only in the other Civil Rule 16(B). Record p. 56. At the motion for relief from judgment hearing, the trial judge and the parties clearly discussed the other Civil Rule 16(B), not the one in this footnote. The trial judge said, among other things, "if I remember the rule ... it says the time for filing those is within X days after the filing of the divorce." Record p. 204.

"Waiver of Domestic Relations Form." This argument is circular and would undermine the important public policy concerns behind the rule. The limitation on waiving the disclosure requirement addresses, in two ways, the concern regarding potential bargaining inequities that may be inherent when parties file a marital property settlement agreement. First, it ensures that the trial court has the means to evaluate the equity of the agreement,[3] and second, it ensures that each parties' interests have been protected by an independent advocate in the event the disclosure forms are not filed. The concern over potential bargaining inequity is heightened where, as here, one party is represented by counsel who prepares a series of agreements and waivers for an unrepresented party to sign. Additionally, Howard County Civil Rule 16(B), if followed, would greatly promote the strong public policy in favor of the finality of marital property settlements. If Kim had been represented by counsel when the dissolution decree was entered, she unquestionably would have relinquished her complaints as to the inequity of the property division as provided for in the settlement agreement. Likewise, if a trial court has before it the full disclosure of the parties' property and income before it approves a property settlement agreement, subsequent attacks on the fairness of the agreement would be less frequent and would have a reduced chance of success.[4]

Tim also argues that the parties and the trial court "acknowledged ... that the local rule mandating a Financial Disclosure Form be filed (unless it is waived) is not observed as a matter of practice in Howard County courts." Appellee's Brief p. 8. Indeed, the record contains the following colloquy regarding the rule at the hearing on the motion for relief from judgment:

[Trial Court]: Course we all know that it's observed in the—
[Kim's counsel]: Rule book but not in practice.
[Trial Court]: It's observed in the—
[Tim's counsel]: Twilight zone.

Record pp. 204–05. Tim does not cite authority for the proposition that a trial court has the discretion not to follow its rules as a matter of practice. In fact, such a proposition would contradict the general rule that courts are bound by their own rules. *See Meredith,* 679 N.E.2d at 1311. If the courts of Howard County truly believe that Civil Rule 16(B) is too much of a hindrance or inconvenience to be followed regularly, then it would be entirely within their prerogative to repeal or modify that rule. Otherwise, it must be followed.

### Conclusion

Civil Rule 16(B) is jurisdictional in the sense that it strictly limits the ability of courts in Howard County to enter a marital dissolution decree by imposing a duty on parties to disclose income and property assets, to each other and the court, before such a decree may be entered. That being the case, the dissolution decree was "void" due to the trial court's failure to follow its own mandatory rule. Thus, the trial court abused its discretion when it denied Kim's motion for relief from that decree. We reverse the denial of that motion and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., and RILEY, J., concur.

---

3. A court has the discretion not to accept a proffered marital property settlement agreement. *Voigt v. Voigt,* 670 N.E.2d 1271, 1277 (Ind.1996). In reviewing a settlement agreement, a court may concern itself with fraud, duress, and other imperfections of consent, or with manifest inequities, particularly those deriving from great disparities in bargaining power. *Id.* at 1278.

4. We are not analyzing in any way the fairness and equity of the marital property division at issue here or the merits of Kim's other claims.