Kim BUCKALEW, Respondent–
Appellant,

v.

Tim BUCKALEW, Petitioner–Appellee.

No. 34S05–0107–CV–332.

Supreme Court of Indiana.

Sept. 7, 2001.

Dan J. May, Kokomo, Indiana, Attorney for Appellant.

Andrew J. Vandenbosch, Raquet & Vandenbosch, Donald E.C. Leicht, Kokomo, Indiana, Attorneys for Appellee.

Howard County Bar Association, William C. Menges, Jr., Kokomo, Indiana, amicus curiae.

DICKSON, Justice

Concluding that a local court rule requiring the filing of an income and property disclosure form was jurisdictional, the Court of Appeals held a dissolution decree was void due to the trial court's failure to follow its own rule. *Buckalew v. Buckalew,* 744 N.E.2d 504 (Ind.Ct.App.2001). Having previously granted transfer, we hold that the local rule was not jurisdictional, and we reject the claim that noncompliance with the local rule requires the dissolution decree to be vacated.

The parties do not dispute that at all times relevant to this case, Howard County Local Civil Rule 16(B) required each party to a dissolution action to file a specified financial disclosure form with the court. Subsection (4) of the rule specified:

No final hearing may be scheduled and no decree of dissolution of marriage or legal separation shall be entered unless and until the prescribed disclosure form is filed with the Court, except in cases where the parties are each represented by separate counsel and file with the court a waiver of such requirement.

Br. of Appellant at 13. The proceedings that resulted in a dissolution of the ten-year marriage of Tim and Kim Buckalew did not include the disclosure form required by Rule 16(B), and neither Kim nor Tim were represented by counsel of record in the dissolution. The issue of the missing disclosure form was first raised seven months after the dissolution when Kim sought relief from judgment pursuant to Indiana Trial Rule 60(B) alleging several grounds, one of which asserted that Tim "failed to file a property disclosure as required by local rules." Record at 32. The trial court denied Kim's T.R. 60(B) motion, finding that the parties "consented to the waiver of the filing of a property disclosure statement." Record at 79. In her appeal from the denial of her motion, Kim argues that under the express language of the rule, her waiver was invalid because she was not represented by counsel. She also contends that, because the filing of the disclosure form was mandatory and a prerequisite to the entry of a dissolution decree under the local rule, the trial court lacked authority to waive the filing of the disclosure form absent a valid waiver by the parties.

She is correct that the local rule's specific authorization for waiver of the disclosure form is expressly conditioned upon both parties being represented by counsel, which condition was not met in this case.

Local court rules for the regulation of practice within a local court are authorized by Indiana Trial Rule 81. In *Meredith v. State,* 679 N.E.2d 1309 (Ind. 1997), this Court permitted a trial court to waive compliance with its own local court rule. We explained:

Before a court may set aside its own rule, and it should not be set aside lightly, the court must assure itself that it is in the interests of justice to do so, that the substantive rights of the parties are not prejudiced, and that the rule is not a mandatory rule.

*Id.* at 1311. The inclusion of this "not a mandatory rule" qualification was a reference to time limitations and other procedural prerequisites that had generally been described as "jurisdictional," and from which courts may not waive compliance. *Id.* at 1311 n. 2. In the present case, Kim urges that Howard County Local Civil Rule 16(B)(4) was such a jurisdictional or mandatory rule.

We observe that the term "jurisdictional" is not helpful in resolving the present issue. "To render a valid judgment, a court must possess two forms of jurisdiction: jurisdiction over the subject matter and jurisdiction over the parties." *Mishler v. County of Elkhart,* 544 N.E.2d 149, 151 (Ind.1989). There is no claim that the trial court here lacked either jurisdiction over the parties or subject matter jurisdiction, i.e., the general scope of authority to hear and determine dissolution cases. *See Pivarnik v. N. Ind. Pub. Serv. Co.,* 636 N.E.2d 131, 137 (Ind.1994). Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the *exercise* of jurisdiction rather than to the *existence* of jurisdiction. *See Mishler,* 544 N.E.2d at 152. We have noted that courts sometimes refer to "jurisdiction over the particular case," but that "[i]mperfections of this kind, however, merely make a judgment voidable through appeal," upon specific and timely objections. *Id.*

Howard County Local Civil Rule 16(B)(4), as authorized by T.R. 81 to regulate practice in the local court, is a rule to facilitate discovery and to promote the disclosure of relevant information. It does not restrain the court's subject matter jurisdiction, its jurisdiction over the parties, or its jurisdiction over the particular case. To the extent that the local rule appears to employ mandatory language, the local court must follow its own rule. *See Mere-*

*dith,* 679 N.E.2d at 1311. Upon a failure to do so, however, the court's subsequent action is not void. Rather, as with other trial errors, the error may be presented upon appeal if a specific and timely objection was made.

In the present case, the dissolution trial court record included an express written "Waiver of Domestic Relations Disclosure Form" signed by each of the parties, and examined and approved by the trial judge. There was no specific and timely objection to the court's entry of a dissolution decree notwithstanding the absence of a disclosure form filed pursuant to the local rule. Nor was there a timely objection to the court's acceptance of the parties' written waiver contrary to the provision in the local rule requiring that both parties be represented by counsel as a precondition to waiver. We therefore reject the appellate claim that noncompliance with Howard County Local Civil Rule 16(B)(4) requires the dissolution decree to be vacated.

Because Kim's appeal from the denial of her T.R. 60 motion presented several additional issues for consideration, we remand to the Court of Appeals for further proceedings.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.