**Arvin K. ROTHSCHILD, Appellant–Plaintiff,**

**v.**

**Victoria Hall DEVOS (f/k/a Victoria Rowe Rothschild), Appellee– Defendant.**

**No. 49A04–0103–CV–89.**

Court of Appeals of Indiana.

Oct. 30, 2001.

H. Kennard Bennett, Scott R. Severns, Severens & Bennett, P.C., Indianapolis, IN, Attorneys for Appellant.

John D. Raikos, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Arvin K. Rothschild appeals the trial court's denial of his motion for relief from judgment, which sought to set aside a dissolution of marriage decree entered pursuant to a settlement agreement executed by him and his ex-wife, Victoria Hall Devos. Arvin raises three issues on appeal, which we consolidate and restate as 1) whether his motion for relief from judgment was timely filed, and 2) whether the denial of his motion for relief from judgment was an abuse of discretion.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

In July of 1999, Arvin was hospitalized after he fell and broke his left hip. During his hospitalization, Arvin suffered from urinary and bowel incontinence and what was thought to be a transient ischemic attack, which was described by Arvin's doctor, Dr. Mark P. Beckerman, to be kind

of a "mini-stroke." Arvin returned home in September of 1999. On October 21, 1999, Victoria filed for a dissolution of the marriage.

On December 3, 1999, Victoria requested that Dr. Beckerman make a preadmission screening application for Arvin's placement in a nursing home, as he was requiring a lot of care. On December 22, 1999, a property settlement agreement was signed by both her and Arvin. The property settlement agreement appears to assign essentially all of the marital assets to Victoria.

On December 24, 1999, two days after the signing of the agreement, Arvin, accompanied by Victoria, went to Dr. Beckerman complaining of left sided weakness, falling three or four times a day, and some slurred speech, all of which had been going on for about a week. Dr. Beckerman admitted Arvin to the hospital and subsequently diagnosed him as having had a stroke. Dr. Beckerman reported that Arvin was confused and disoriented. Dr. Beckerman also diagnosed Arvin as suffering from dementia, which had been present for some time.

On December 29, 1999, a divorce decree was entered, in which the property settlement agreement signed on December 22, 1999, was approved. Arvin was subsequently released from the hospital and admitted to a nursing home. On June 30, 2000, Attorney Scott R. Severns filed, on Arvin's behalf, a motion for relief from judgment under Ind. Trial Rule 60(B), seeking to set aside the dissolution of marriage decree. Arvin alleges that he was suffering from a legal disability at the time he signed the property settlement agreement; he was unduly influenced by Victoria to sign the agreement; he was under duress when he signed it; and there was fraud perpetrated by Victoria on Arvin and/or the court. Arvin also alleges he was not represented by an attorney during the divorce, while Victoria was represented by Attorney John D. Raikos.

Victoria denies that Arvin was suffering from a disability at the time the property settlement agreement was signed. She asserts that both she and Arvin were voluntarily represented by Atty. Raikos,[1] and that Arvin was the one who dictated the terms of the property settlement agreement.[2] Victoria alleges that Atty. Severns filed the motion for relief from judgment in Arvin's name without Arvin's knowledge or consent at the request of Arvin's son from a previous marriage, Michael Rothschild.[3]

1. We note that the same attorney representing both husband and wife in a marriage dissolution raises a question of conflict of interest. Ind. Professional Conduct Rule 1.7(a) generally prohibits an attorney from representing clients with adverse interests unless the representation is performed with the full knowledge and consent of both clients. *In Re Lively*, 658 N.E.2d 903, 905 (Ind.1995).

2. In support of this contention, Victoria relies on facts that are not found in the record. We remind Victoria's counsel that it is well settled that matters outside the record cannot be considered by the court on appeal. *Zapffe v. Srbeny*, 587 N.E.2d 177, 180 (Ind.Ct.App. 1992). We must decide the case on the record before us and cannot speculate as to the actual facts of a case. *Id.*

3. Atty. Raikos questions whether Atty. Severns is authorized to represent Arvin. Atty. Raikos maintains that he has represented Arvin for twenty-five years and still considers Arvin to be his client. Atty. Raikos filed a motion to strike the appearance of Atty. Severns and attached an affidavit signed by Arvin requesting the motion for relief from judgment be dismissed because it was filed without Arvin's knowledge or consent. Atty. Severns in turn filed a motion to strike Arvin's affidavit. Atty. Raikos' motion to strike the appearance of Atty. Severns is listed in the Chronological Case Summary as being

A hearing was held on August 28, 2000, before Judge David A. Shaheed; however, due to time constraints, only the testimony of Dr. Beckerman was presented. Dr. Beckerman testified as to Arvin's capacity to understand the property settlement agreement signed two days before the last stroke diagnosis as follows:

> With the length and the detail [of the document], it would have been difficult for him having just had an acute stroke to state a task that could be explained to him by an outside person. But to have him actually read the document, I would find that hard to accept, that he could actually read the document and make a good judgment on that.

(App. at 61.)

At the conclusion of Dr. Beckerman's testimony, the hearing on the motion for relief from judgment was postponed. Arvin propounded discovery requests to Victoria consisting of interrogatories and a request for production of documents relating to the nature and disposition of the marital assets, Victoria's relationship with Atty. Raikos, and the circumstances surrounding the signing of the property settlement agreement. Victoria did not comply with the discovery requests. Arvin then filed a motion to compel that was granted by the trial court. Victoria still did not comply, so Arvin filed a petition for contempt and sanctions. A hearing on the contempt petition was scheduled for February 9, 2001, but was never held, as on February 7, 2001, Judge Zore[4] issued an order denying the motion for relief from judgment as follows:

*ORDER*

Comes now the Respondent, [Arvin] by counsel, having filed a Motion for Relief from Judgement [sic], and the Court being duly advised in the premises, finds as follows:

1. On December 29, 1999, the parties were granted a Summary Dissolution Decree under Cause No. 49D05–9910–DR–1497, pursuant to Ind.Code § 31–15–2–13.

2. On June 30, 2000, the Respondent, by counsel, filed a Motion for Relief from Judgment pursuant to Ind.Trial Rule 60, alleging that the Respondent was under a legal disability at the time he signed the Property Settlement Agreement.

3. The Respondent has never been declared to be incompetent and the appeal time has long since expired.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondent's Motion for Relief from Judgment is denied.

(App. at 7.)

Arvin then brought this appeal.

## DISCUSSION AND DECISION

■ The grant or denial of a motion for relief from judgment under Ind. Trial Rule 60(B) is within the sound discretion of the trial court, and we will reverse only for abuse of that discretion. *Miller v. Moore,* 696 N.E.2d 888, 889 (Ind.Ct.App. 1998). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

---

denied and Atty. Severns' motion to strike Arvin's affidavit was never ruled upon.

We note that Atty. Raikos' representation of Victoria against Arvin in the proceedings below and now on appeal raises yet another potential conflict of interest if Arvin is Atty. Raikos' former client. *See* Prof. Cond. R. 1.9.

4. Judge Shaheed was not re-elected and the case was re-assigned to Judge Gerald S. Zore.

■ The public policy of this state favors separation agreements. *Myers v. Myers*, 560 N.E.2d 39, 42 (Ind.1990). A property settlement that is incorporated into a final divorce decree is a binding contract, and the dissolution court may not modify that settlement absent fraud, duress, or undue influence. *Adler v. Adler*, 713 N.E.2d 348, 354 (Ind.Ct.App.1999); *see also* Ind.Code § 31–15–2–17(c).

### 1. *Timely Filing of Trial Rule 60 Motion*

■ In the order denying Arvin's motion for relief from judgment, the trial court found that "the appeal time has long since expired." (App. at 7.) Arvin argues that under T.R. 60(B)(3) and Ind.Code § 31–15–7–9.1, the time for seeking relief from judgment on the basis of fraud had not expired. Motions for relief from judgment alleging fraud under T.R. 60(B)(3) must be filed within one year from the date of judgment.[5] *Glover v. Torrence*, 723 N.E.2d 924, 932 (Ind.Ct.App.2000). Ind.Code § 31–15–7–9.1 allows a period of six years if fraud is asserted in relation to a property disposition order.[6]

Arvin filed his motion for relief from judgment alleging fraud approximately six months after the dissolution decree was entered by the trial court.[7] Therefore we find that Arvin's motion for relief from judgment was timely filed and should not have been denied for that reason.[8]

### 2. *Abuse of Discretion*

■ Arvin contends it was an abuse of discretion for the trial court to dismiss his motion for relief from judgment without hearing pertinent evidence or allowing for the completion of discovery. T.R. 60(D) provides:

> Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court *shall* hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule.

(Emphasis supplied.) However, where there is no "pertinent evidence," a hearings unnecessary. *Integrated Home Technologies, Inc. v. Draper*, 724 N.E.2d 641, 643 (Ind.Ct.App.2000).

The August 28, 2000, evidentiary hearing on Arvin's motion for relief from judg-

---

5. The pertinent provisions of T.R. 60 are:

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

\* \* \*

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\* \* \*

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).

6. Ind.Code § 31–15–7–9.1 provides:

Revocation or modification of property disposition orders; fraud

Sec. 9.1. (a) The orders concerning property disposition entered under this chapter (or IC 31–1–11.5–9 before its repeal) may not be revoked or modified, except in case of fraud.

(b) If fraud is alleged, the fraud must be asserted not later than six (6) years after the order is entered.

7. The dissolution decree was entered by the trial court on December 29, 1999, and the motion for relief from judgment was filed on June 30, 2000.

8. Because we find that the motion for relief from judgment was timely filed under T.R. 60(B)(3), we decline to address the additional time limit under Ind.Code § 31–15–7–9.1.

ment was never completed. Arvin was not able to obtain discovery from Victoria, and although the trial court granted his motion to compel and for sanctions, it never ruled on his contempt petition. It appears from Arvin's motion for relief from judgment and the evidence presented at the partial hearing that he will be able to present further pertinent evidence if given the opportunity. As a result, the trial court abused its discretion by not allowing Arvin to obtain discovery and present his evidence as required by T.R. 60(D) before it ruled on Arvin's motion for relief from judgment.

▮ Arvin further argues it was an abuse of discretion to deny his motion for relief from judgment on the basis that he had not been declared incompetent. The trial court's order describes Arvin's motion as "alleging that the Respondent was under a legal disability at the time he signed the Property Settlement Agreement." In denying the motion, the court found that "The Respondent has never been declared to be incompetent."

Although Arvin did allege he was suffering under a legal disability at the time he signed the property settlement agreement, he also alleged that he was unduly influenced by Victoria to sign the agreement, that he was under duress when he signed it, and that there was fraud perpetrated by Victoria on Arvin and/or the court. The trial court failed to address these additional allegations in its order.[9]

Further, there is no requirement that one must be adjudicated incompetent prior to seeking a motion for relief from judgment alleging fraud or other misconduct under T.R. 60(B)(3). This does not mean that Arvin's competency is irrelevant. In fact, Arvin's competency appears to be the central issue in this case. There is also a significant question of who represents Arvin's interests in this matter. The trial court should have fully explored and resolved the issue of Arvin's competency before ruling on the motion for relief from judgment.

We find that it was an abuse of discretion by the trial court to deny Arvin's motion for relief from judgment without hearing pertinent evidence and allowing for discovery.

Reversed and remanded.

SULLIVAN, J., and BARNES, J., concur.

---

9. Duress and undue influence could presumably be grounds for relief from judgment under T.R. 60(B)(3) as "other misconduct of an adverse party," *see e.g., Haefele v. Haefele,* 621 N.W.2d 758, 762 (Minn. Ct.App.2001), *review denied. And see* 47 Am.Jur.2d *Judgments* § 833 (1995).