In the Matter of J.R., a Child Alleged to be a Delinquent Child, Appellant–Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 78A05–0406–JV–300.

Court of Appeals of Indiana.

Jan. 11, 2005.

Alison T. Frazier, Madison, IN, Attorney for Appellant.

Stephen A. Carter, Attorney General of Indiana, Daniel Jason Kopp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Respondent–Appellant J.R. appeals from the juvenile court's true finding that he committed the delinquent act of receiving stolen property, a Class D felony if committed by an adult. Ind.Code § 35–43–4–2(b).

The facts most favorable to the trial court's determination are that on February 2, 2004, J.R. and two of his friends drove to Swiss Villa Living Center in Vevay, Indiana, where J.R. left the vehicle, broke the side window of a parked car by using a crowbar, and stole various items belonging to A.W., an employee of Swiss Villa. The stolen items included a hat, a case of compact discs, a pair of sunglasses, and check-deposit slips. J.R. then reentered the first vehicle and fled the scene with his friends.

When A.W. finished working at Swiss Villa she discovered that someone had broken into her car. She immediately called the police. Officer Pritchard of the Vevay Police Department investigated the scene and recorded A.W.'s statement. A.W. then drove home.

During a phone call from M.C., one of A.W.'s co-workers, A.W. learned that M.C. had found A.W.'s case of compact discs at her parents' house. A.W.'s initials or her last name were on the items found. A.W. then called Officer Pritchard who drove to M.C.'s house, seized the stolen items, and arrested M.C.'s cousin, R.R., who was one of the friends in the vehicle with J.R. at the time of the break-in. Officer Pritchard drove to J.R.'s house, but J.R. was not home.

On February 3, 2004, J.R.'s grandmother called Officer Pritchard and told him that she had found A.W.'s check-deposit slips in the pockets of J.R.'s pants. J.R.'s grandmother had also found a hat, a pair of sunglasses, and nine compact discs that she knew did not belong to J.R. Officer Pritchard drove to J.R.'s house, spoke to J.R.'s grandmother, and seized the stolen items. Officer Pritchard then located and arrested J.R. A.W. identified the hat, sunglasses, and compact discs as hers later that day.

On February 10, 2004, the State filed a delinquency petition against J.R. That same day the probation department filed a preliminary inquiry report with the court. J.R.'s initial hearing was held that day. The juvenile court approved the filing of the petition alleging that J.R. had committed two delinquent acts.

The matter was submitted to the juvenile court for a fact-finding hearing which occurred on March 3 and 10, 2004. The court reached a true finding determination against J.R. for one of the acts of receiving stolen property.

The probation department prepared a predispositional report to the court. After the dispositional hearing, the court awarded wardship of J.R. to the Department of Correction, suspended the wardship, and ordered J.R. placed at the Youth Opportunity Center in Muncie.

■ J.R. contends that the trial court did not comply with Ind.Code § 31–37–10–2, and therefore, did not acquire jurisdiction over his delinquency proceeding. More specifically, J.R. argues that since the juvenile court did not state on the record that it was in the best interests of the child or the public that the delinquency petition be filed, the trial court was precluded from assuming jurisdiction, and its fact-finding and dispositional orders are void.

Ind.Code § 31–37–10–2 provides as follows:

The juvenile court shall do the following:

(1) Consider the preliminary inquiry and the evidence of probable cause.

(2) Approve the filing of a petition if there is probable cause to believe that:

(A) the child is a delinquent child; and

(B) it is in the best interests of the child or the public that the petition be filed.

The juvenile court's order on initial hearing reads in relevant part as follows:

The Court now finds that there is probable cause to believe that the juvenile committed the delinquent acts Two (2) Counts Receiving Stolen Property and authorizes the State of Indiana to file a Delinquency Petition. The State informs the Court that they will not seek a waiver to adult jurisdiction.

Appellant's App. p. 43.

The issue of challenging a juvenile court's jurisdiction for failure to follow statutory requirements has been addressed recently and with differing results in *K.S. v. State,* 807 N.E.2d 769 (Ind.Ct. App.2004), and *M.B. v. State,* 815 N.E.2d 210 (Ind.Ct.App.2004). For the reasons stated below, we choose to follow *M.B. v. State.*

In *K.S. v. State,* a panel of this court found that the label attached to the type of jurisdiction impacted by the juvenile court's failure to follow the statutory prerequisites for proceeding with the juvenile delinquency actions was not important because no facet of jurisdiction could be assumed absent compliance with Ind.Code § 31–37–10–2. 807 N.E.2d at 774–75. Therefore, the lack of a contemporaneous objection did not defeat the appellant's ability to challenge the trial court's action. *Id.* In *M.B. v. State,* a panel of this court arrived at the conclusion that the element of jurisdiction implicated by Ind.Code § 31–37–10–2 was jurisdiction over the particular case. 815 N.E.2d at 214.

Therefore, in the absence of a contemporaneous objection the error is waived.

There is no doubt that a juvenile court has subject matter jurisdiction to hear cases involving delinquent children. In fact Ind.Code § 31–30–1–1 provides that a juvenile court has exclusive original jurisdiction in proceedings in which a child, including a child of divorced parents, is alleged to be a delinquent child under Ind. Code § 31–37–1–1 et seq. Confusion occurs when determining whether the error involves the exercise of jurisdiction or the existence of jurisdiction. In *Buckalew v. Buckalew,* 754 N.E.2d 896, 898 (Ind.2001), our supreme court stated that to render a valid judgment, a court must possess both jurisdiction over the subject matter and jurisdiction over the parties. 754 N.E.2d at 898. Once the court has acquired both forms of jurisdiction, challenges to the subsequent rulings and judgment of the court are questions "incident to the *exercise* of jurisdiction rather than to the *existence* of jurisdiction." *Id.* (emphasis in original). The supreme court noted that questions relating to the jurisdiction referred to as jurisdiction over the particular case involve imperfections that make a judgment voidable through appeal upon specific and timely objections. *Id.*

If the court possesses the power to determine cases of the general class to which the particular case belongs, it possesses subject matter jurisdiction to consider the particular case, absent specific and timely objections to the jurisdiction of the particular case. *M.B.,* 815 at 214 (quoting *Board of Trustees of New Haven v. Fort Wayne,* 268 Ind. 415, 375 N.E.2d 1112, 1117 (1978)). Timeliness would require that an objection to the court's jurisdiction be made before the initiation of an appeal. *Id.*

J.R. and J.R.'s mother submitted themselves to the authority of the court by

appearing at scheduled proceedings. Therefore, there is no challenge to the juvenile court's personal jurisdiction. The issue becomes whether the juvenile court properly exercised its jurisdiction in this particular case. The statute, in part, requires the juvenile court to approve the filing of the delinquency petition if there is probable cause to believe that it is in the best interests. of the child or the public that the petition be filed. The juvenile court's order on initial hearing is silent in that regard. Consequently, had J.R. timely objected to the court's order authorizing that the petition be filed, all proceedings and dispositions flowing from that order might be voidable through appeal. However, because J.R. did not complain of this defect until this appeal, the trial court's orders are not subject to attack on those grounds because the argument has been waived.

This case is also factually different from *K.S.* and *M.B.* In both those cases, the juvenile court's order at the initial hearing included the statement that "the court finds that it has jurisdiction over this matter and that such finding will remain," 815 N.E.2d at 212, or "that it (the juvenile court) has jurisdiction over this matter." 807 N.E.2d at 770. There was no statement specifically authorizing or approving the filing of a delinquency petition, among other things. The juvenile court in the present case stated in the order that there was probable cause to believe that the juvenile had committed delinquent acts, and authorized the State to file a delinquency petition. Here, the juvenile court explicitly authorized the filing of the petition, following Ind.Code § 31–37–10–2, whereas the juvenile courts in *K.S.* and *M.B.* merely stated that jurisdiction was with the particular court.

▆▆▆ J.R. also argues that the evidence is insufficient to support the juvenile court's true finding that J.R. was delinquent for having engaged in an act which would be the offense of receiving stolen property if committed by an adult. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor assessing the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *See Wright v. State,* 772 N.E.2d 449, 459 (Ind. Ct.App.2002).

J.R. argues that the State failed to prove beyond a reasonable doubt that J.R. acquired possession of the stolen property. He further asserts that assuming *arguendo* that the evidence of possession was sufficient, the State did not present evidence of additional circumstances to prove that J.R. knew the property was stolen.

The evidence that J.R. received stolen property is sufficient. J.R.'s grandmother testified that she found in her house bank deposit slips in a pair of pants that J.R. wears. She further testified that she found in her house a pair of sunglasses and a hat that she knew did not belong to J.R. Officer Pritchard testified that he spoke to J.R.'s grandmother and seized a hat, a pair of sunglasses, nine compact discs with A.W.'s name or initials on them and nine check-deposit slips bearing A.W.'s full name and address. A.W. testified that those items were the ones stolen from her car. R.R. testified that he was in the car with J.R. when they went to Swiss Villa. R.R. testified that he observed J.R. break out a window of a car, remove a CD case from the car and take it with him. The juvenile court did not err in its determination that J.R. was a delinquent child for committing the act that would be receiving

stolen property if committed by an adult because the evidence was sufficient.

Affirmed.

CRONE, J., concurs.

BARNES, J., dissenting with separate opinion.

BARNES, Judge, dissenting.

Although I recognize that my view in this matter is not shared by a number of my colleagues, I believe that the statute, Indiana Code Section 31–37–10–2, requires a juvenile court to make an affirmative finding that the filing of the petition is in the best interests of the child. I understand the utility of the arguments advanced by others in *M.B.* and this case. I simply do not agree that we can or should "waive" a statutory condition precedent to jurisdiction. It is, I might add, not solely a "form over substance" argument that drives my concern.

I adhere to the reasoning espoused in *K.S. v. State*, 807 N.E.2d 769 (Ind.Ct.App. 2004), *aff'd on rehearing*, 816 N.E.2d 1164 (Ind.Ct.App.2004), *trans. pending*. To the extent my colleagues in *M.B.* and this case have relied on opinions issued in civil matters outside of the juvenile delinquency context to conclude that the failure to approve the filing of a delinquency petition merely impacts jurisdiction over the case and is a waivable error, I believe it is inappropriate to do so. The cases that have specifically addressed juvenile delin-

quency petitions overwhelmingly indicate that express court approval for the filing of a delinquency petition is absolutely necessary and non-waivable. As an intermediate appellate court, I do not believe we are free to change the law in this area.

I also observe that a juvenile court is a different animal than a superior or circuit court with criminal jurisdiction. It fashions remedies and resolutions that are not, and should not be, available to those other entities. The presiding judge may very well exercise his or her discretion upon the filing of a juvenile petition and divert the child into a more informal adjustment situation, believe that a CHINS petition is a more appropriate path to follow, or do any number of things that are outside the scope of a formal juvenile charge.

I do not think it is either onerous or legally outrageous to require a presiding judge to review a juvenile petition and, in addition to the other statutory mandates, find that the filing of that petition is in the best interests of the child and to expressly note such finding on the record. I respectfully dissent and would reverse J.R.'s delinquency adjudication.