## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2018, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher K. Starkey
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Emily L. Connor
Brian L. Mosby
Littler Mendelson, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Commissioner of Labor ex rel. Wendell H. Estelle, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> CVS Indiana, LLC, <br><br> *Appellee-Defendant.* | March 29, 2018 <br><br> Court of Appeals Case No. 49A05-1711-PL-2585 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Thomas J. Carroll, Judge <br><br> Trial Court Cause No. 49D06-1704-PL-15605 |

**Najam, Judge.**

## Statement of the Case

[1] Wendell Estelle[1] appeals the trial court's order denying his motion to correct error following the court's dismissal of Estelle's complaint for damages. Estelle raises a single issue for our review, namely, whether the trial court abused its discretion when it denied his motion to correct error. We affirm.

## Facts and Procedural History

[2] On April 19, 2017, Estelle, a former employee of CVS Indiana, LLC ("CVS"), filed a complaint alleging that CVS "failed to pay" him wages in contravention of Indiana Code Section 22-2-9-4. Appellant's App. Vol. II at 6. On June 30, CVS filed a motion to dismiss the complaint and to compel arbitration. Estelle did not respond to the motion to dismiss, and on July 21, the trial court granted CVS's motion. On August 21, Estelle filed a motion to correct error, which the trial court denied following a hearing. This appeal ensued.

## Discussion and Decision

[3] Estelle appeals the trial court's denial of his motion to correct error. We review the grant or denial of a Trial Rule 59 motion to correct error under an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265,

---

[1] The record is unclear whether the Indiana Commissioner of Labor brought the underlying action on behalf of Estelle, but the CCS names Estelle as the sole plaintiff. In addition, CVS Indiana, LLC, alleges that Estelle "never completed the necessary statutory prerequisites to bring this action under the Indiana Wage Claims Statute in the name of the Commissioner of Labor." Appellee's Br. at 8. Estelle does not dispute that assertion. In any event, our resolution of this appeal does not depend on whether Estelle or the Commissioner of Labor is the proper party.

1270 (Ind. 2008). On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind. Ct. App. 1998).

[4] We do not reach the merits of Estelle's appeal. First, as CVS notes, Estelle did not make any argument in opposition to CVS's motion to dismiss, so Estelle raised arguments for the first time in his motion to correct error. Second, Estelle does not state on appeal what his arguments to the trial court were in support of his motion to correct error, he has not provided us with a copy of his motion in his appendix, and he has not provided us with a copy of the transcript of the hearing on his motion. Thus, we have no way to know whether he made the same arguments to the trial court in support of his motion that he raises on appeal. It is well settled that a party may not raise an issue for the first time in a motion to correct error *or* on appeal. *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000). Estelle has waived our review of the trial court's denial of his motion to correct error.

[5] Affirmed.

Robb, J., and Altice, J., concur.